BRADFORD *v.* BRADFORD.

1. DIVORCE—EXTREME CRUELTY—RECORD.
   Wife is not entitled to decree of divorce on ground of extreme cruelty under record showing both to have been quarrelsome and she seems no more free from blame than the husband.

2. SAME—COSTS.
   No costs are allowed upon reversal of decree for wife on husband's appeal.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 4, 1950. (Docket No. 16, Calendar No. 44,822.) Decided January 8, 1951.

Bill by Jaley F. Bradford against Wilmer Bradford for divorce on ground of extreme and repeated

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation, § 238.

cruelty. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Earl T. Glocheski,* for plaintiff.

*Thomas G. Roach,* for defendant.

DETHMERS, J. In a previous case plaintiff filed a bill of complaint for divorce in the Ottawa county circuit court and defendant filed an answer and cross bill. On May 17, 1948, both parties were present in court, personally and by attorneys, whereupon plaintiff withdrew her bill of complaint and defendant was permitted to proceed to hearing on his cross bill. Defendant was on that date awarded a decree of divorce. Plaintiff, present at the hearing, evidently desired the divorce but was dissatisfied with the property settlement provided for in the decree and took an appeal here, urging that defendant had failed to make out a case for divorce. On May 18, 1949, this Court handed down its opinion in that case, reversing the decree and saying: "We find no grounds for divorce." (325 Mich 47.) Eight days later the defendant husband returned to the home of parties, from which he had absented himself during pendency of the suit, brought in his luggage and announced that he was there to stay, in accord with the opinion of this Court. Plaintiff wife refused to permit him to stay, removed his luggage from the house, and on that same date, May 26, 1949, commenced this suit for divorce in the Kent county circuit court. Hearing in that court was had on August 30, 1949, and a decree of divorce was granted to plaintiff. Defendant is apparently as dissatisfied with the property settlement decreed in this case as plaintiff was with that in the former case and brings this appeal. He contends in his brief that no divorce should have been granted at all.

Testimony adduced in this case in support of plaintiff's claimed grounds for divorce, which, incidentally, are the identical grounds alleged in her bill of complaint filed in her previous suit, relates to acts and occurrences antedating the commencement and hearing of the former suit in the Ottawa county circuit court. Plaintiff testified that defendant continually criticized her rearing of the children and preparation of meals. Defendant admitted it, but contended that his criticisms were justifiable and proper. Plaintiff claimed that defendant subjected her to threats and physical violence. Defendant denied this, except for an occasion when he wrestled with her over possession of some money. She testified that he was quarrelsome; he testified, in turn, that he quarreled only upon provocation by her. She claimed nonsupport; he denied it, and the record seems to bear him out in that respect. Defendant, on the other hand, charged plaintiff with familiarity with another man and was supported therein by testimony of the latter's wife. Plaintiff denied that her relations with the man were improper. The record indicates that her conduct was at least indiscreet, if not improper. Both parties have been quarrelsome. Each makes charges against the other. The wife seems no more free from blame than the husband. Neither is entitled to a divorce.

The decree of divorce is reversed. A decree may enter in this Court dismissing the cause, without costs.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.